UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY GENE HEGGEM,<br><br>                Plaintiff,<br>    v.<br><br>HELENE C. BLUME, *et al.*,<br><br>                Defendants. | No. C07-1143RAJ-MAT<br><br>ORDER |

       This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a request that the Honorable Mary Alice Theiler, United States Magistrate Judge, be removed from the above-captioned matter. Dkt. # 66. Magistrate Judge Theiler declined to recuse herself voluntarily. Dkt. # 70. Plaintiff's motion is therefore ripe for review by this Court.

       Section 455 of title 28 of the United States Code governs the disqualification of a judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such

ORDER

    proceeding. The affidavit shall state the facts and the reasons for the belief that
    bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. <u>Yagman v. Republic Insurance</u>, 987 F.2d 622, 626 (9th Cir. 1993).

    Having reviewed the record, the Court finds that there is no evidence of bias or prejudice against plaintiff or in favor of the defendants in this case. Plaintiff's sole allegation is that Judge Theiler has occasionally confused the defendants in three separate lawsuits filed by plaintiff between July 2007 and January 2008. Plaintiff asserts as follows:

> On 5-8-08, Judge Theiler sent back a discovery request that I (plaintiff) submitted to defendant William Steffener in my case <u>Heggem v. Blume</u> [C07-1143RAJ-MAT], but stating in her letter that it was an interrogatory prematurely submitted on defendant Mathern, which was not premature because discovery had already been ordered by Judge Theiler regarding <u>Heggem v. Mathern</u> [C07-1012MJP-MAT]. Judge Theiler also got defendant Steffener mixed up with a defendant of Matherns case last year.

Dkt. # 66. Plaintiff's allegations are not supported by the record. By Minute Order dated May 15, 2008, the clerk returned plaintiff's interrogatories not because they were premature, but because such discovery requests are not supposed to be filed with the Court unless and until they are used in the proceeding or the Court directs otherwise. <u>Heggem v. Mathern</u>, C07-1012MJP-MAT at Dkt. # 47. The interrogatories were specifically addressed to defendant Mathern, making the deputy clerk's reference to her entirely appropriate. Plaintiff has not provided sufficient information to determine whether defendant Steffener was confused with another defendant last year. Even if such an error occurred, it has nothing to do with Judge Theiler since

ORDER    -2-

she did not participate in <u>Heggem v. Blume</u>, C07-1143RAJ-MAT, until February or March of 2008.

Assuming, for purposes of this motion, that occasional misidentifications occurred, it would be impossible to conclude that such seemingly inconsequential errors were the result of bias or prejudice against plaintiff.  Having reviewed plaintiff's motion and the records in his three pending cases, the Court finds that Judge Theiler's impartiality cannot reasonably be questioned .  There being no evidence of bias or prejudice, plaintiff's request to remove Judge Theiler from this matter is DENIED.

Dated this 10th day of June, 2008.

*[signature]*

Robert S. Lasnik
United States District Judge