01
02
03
04
05

06          UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
07                    AT SEATTLE

08 | LARRY GENE HEGGEM,              )   CASE NO. C07-1143-RAJ-MAT
                                     )
09 |     Plaintiff,                  )
                                     )
10 |   v.                            )   ORDER DENYING PLAINTIFF'S
                                     )   MOTION TO AMEND
11 | WILLIAM STEFFENER, et al.,      )
                                     )
12 |     Defendants.                 )
                                     )

13

14      Plaintiff voluntarily dismissed claims against Deputy Prosecuting Attorney Helene Blume

15 and Prosecuting Attorney Janice Ellis based on their immunity as of January 23, 2008 (Dkt. 28)

16 and April 7, 2008 (Dkt. 41) respectively.  He had previously alleged that Blume "maliciously used

17 invalid reasons, [his] criminal record, to oppose" bail, interfering with his sixty-day speedy trial

18 right, and that Ellis engaged "in a conspiratorial act of retaliation and malicious prosecution" in

19 charging him with custodial assault.  (Dkt. 26 at 3; emphasis omitted.)

20      Plaintiff now seeks to amend his complaint by re-opening his claims against Blume and

21 Ellis.  (Dkt. 54.)  Plaintiff asserts that Blume and Ellis are not immune because they committed

22 "'retaliative conspiracy' and 'contempt of court,' [and] violated state law & federal law[.]" (*Id*.

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
PAGE -1

at 1.)[1] For the reasons described below, the Court finds no basis for allowing plaintiff to reinstate his claims against Blume and Ellis.

Federal Rule of Civil Procedure 15 provides that "leave [to amend a pleading] shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a). Leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, plaintiff's proposed amendment would be futile.

Claims for monetary damages against prosecutors are barred by absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430-31(1976). This immunity applies to conduct "intimately associated with the judicial phase of the criminal process," protecting prosecutors when performing traditional activities related to the initiation and presentation of criminal prosecutions. *Id*. at 430-31; *accord Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) ("[I]t is well established that a prosecutor has absolute immunity for the decision to prosecute a particular case[.]") As a result, allegations of, for example, malicious prosecution, conspiracy to predetermine the outcome of a proceeding, or destruction of evidence are subject to dismissal on grounds of prosecutorial immunity. *See*, *e.g.*, *Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001) (noting that prosecutorial immunity covers claims of the knowing use of false testimony at trial, malicious prosecution, and suppression of exculpatory evidence); *Ashelman v. Pope*, 793

---

[1] Counsel for Blume and Ellis submitted an opposition to plaintiff's request. (Dkt. 60.) Plaintiff objects to the submission of this opposition given that Blume and Ellis are not currently parties to this lawsuit. (*See* Dkt. 62.) However, whether or not the opposition should be deemed properly submitted, the Court is able to resolve plaintiff's motion without consideration of that filing.

F.2d 1072, 1078 (9th Cir. 1986). ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 677-80 (9th Cir. 1984) (prosecutorial immunity applies to destruction of evidence). Accordingly, plaintiff's proposed claims against Blume and Ellis, to the extent seeking an award of monetary damages, would be barred by absolute prosecutorial immunity.

However, as noted by plaintiff, prosecutorial immunity does not protect prosecutors from suits for injunctive and/or declaratory relief. *Gobel v. Maricopa County*, 867 F.2d 1201, 1203 n.6 (9th Cir. 1989) (citing *Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 736-37 (1980)). Plaintiff here seeks to reinstate claims which involved solely a request for injunctive relief. (*See* Dkt. 26 at 4, 10.) Yet, as discussed below, the specific injunctive relief sought is not appropriately considered by this Court.

Plaintiff requests relief in the form of "no further prosecution by defendants [Blume and Ellis.]" (*Id.*) His proposed claims against Blume and Ellis, therefore, request relief associated with his pending state court criminal proceedings. Generally, federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *accord Carden v. Montana* 626 F.2d 82, 83-84 (9th Cir. 1980). Here, plaintiff makes no showing of extraordinary circumstances that would justify this Court's intervention in

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
PAGE -3

plaintiff's ongoing state court criminal proceedings.  As such, plaintiff's proposed amendment would be futile.

For the reasons described above, plaintiff's motion to amend (Dkt. 54) is DENIED.  The Clerk is directed to send copies of this Order to the parties and to the Honorable Richard A. Jones.

DATED this 18th day of June, 2008.

Mary Alice Theiler
United States Magistrate Judge