01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY GENE HEGGEM,                         )        CASE NO. C07-1143-RAJ
                                           )
          Plaintiff,                       )
                                           )
     v.                                    )        REPORT AND RECOMMENDATION
                                           )
WILLIAM STEFFENER, et al.,                 )
                                           )
          Defendants.                      )
_____        )

<u>INTRODUCTION</u>

Plaintiff Larry Gene Heggem proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action.  Plaintiff names Snohomish County Public Defender William Steffener and Monroe Correctional Facility Superintendent Ken Quinn as defendants.  He claims the actions of defendants, as described below, have caused him undue stress, emotional pain, and mental anguish, and seeks injunctive relief through discontinued representation by Steffener, as well as punitive damages. (Dkt. 26.)  Plaintiff also more recently submitted a motion for discovery (Dkt. 55) and a document alleging interference with his access to legal materials and the law library (Dkt. 65), which the Court construed as a motion for a preliminary injunction.

REPORT AND RECOMMENDATION
PAGE -1

01        Defendants Steffener and Quinn filed motions to dismiss pursuant to Federal Rule of Civil

02  Procedure 12(b)(6).  (Dkts. 50 & 53.)  Both defendants also seek to stay discovery in this matter

03  pending a ruling on their motions to dismiss (Dkts. 53 & 57) and oppose plaintiff's request for

04  injunctive relief (Dkts. 72 & 73).  Plaintiff opposes Steffener's motions (Dkts. 56, 61 & 63), but

05  did not submit an opposition to Quinn's motion to dismiss and to stay discovery.

06        The Court deems plaintiff's failure to oppose Quinn's dispositive motion to be an

07  admission that the motion has merit.  *See* Local Civil Rule 7(b)(2).  The Court further finds that

08  defendants' motions to dismiss should be granted, plaintiff's request for injunctive relief should

09  be denied, and this case should be dismissed against all named defendants.

10                                DISCUSSION

11        Plaintiff here avers claims pursuant to 42 U.S.C. § 1983.  In order to sustain a § 1983

12  claim, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution

13  or created by federal statute, and (2) that the violation was proximately caused by a person acting

14  under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*,

15  947 F.2d 1418, 1420 (9th Cir. 1991).

16  A.     Motions to Dismiss

17        On a Rule 12(b)(6) motion to dismiss, the Court must accept all of the material allegations

18  in plaintiff's complaint as true and liberally construe those facts in the light most favorable to

19  plaintiff, as a *pro se* litigant.  *See Oscar v. University Students Co-op Ass'n*, 965 F.2d 783, 785

20  (9th Cir. 1992); *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

21  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts

22  alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699

REPORT AND RECOMMENDATION
PAGE -2

01   (9th Cir. 1988).  For the reasons described below, plaintiff's claims against Steffener and Quinn

02   should be dismissed.

03         1.      Defendant Steffener's Motion to Dismiss:

04         Plaintiff alleges defendant Steffener, his assigned public defender, violated his

05   constitutional rights by deliberately failing to request all of his medical records, rendering

06   ineffective assistance, failing to maintain sufficient phone contact, and displaying presumptively

07   biased and discriminatory opinions towards him, as well as "'want of prosecution.'" (Dkt. 26 at

08   3, 6 & Dkt. 27.)  In responding to Steffener's motion to dismiss, plaintiff asserts numerous other

09   deficiencies in Steffener's representation, such as his failure to obtain other types of records, to

10   interview material witnesses, or to answer all of plaintiff's letters. (Dkt. 56.)  Steffener argues that

11   plaintiff fails to state a claim against him upon which relief can be granted.  The Court agrees with

12   Steffener.

13         As stated above, a § 1983 claim requires a showing that a constitutional violation was

14   proximately caused by a state actor.  *Id.*  "[T]he under-color-of-state-law element of § 1983

15   excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful[.]'"

16   *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoted sources omitted).

17         The United States Supreme Court has made clear that public defenders acting in their role

18   as advocates are not considered state actors for purposes of bringing suit under § 1983.  *See Polk*

19   *County v. Dodson*, 454 U.S. 312, 325 (1981) (a public defender does not act under color of state

20   law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

21

22

REPORT AND RECOMMENDATION
PAGE -3

01  proceeding).[1]  *See also Georgia v. McCollum*, 505 U.S. 42, 53 (1992) ("[A] public defender does

02  not qualify as a state actor when engaged in his general representation of a criminal defendant.")

03  However, the Supreme Court has also indicated that "[i]t may be . . . that a public defender . . .

04  would act under color of state law while performing certain administrative and possibly

05  investigative functions."  *Polk County*, 454 U.S. at 325.  Plaintiff focuses on these possible

06  exceptions, maintaining his claims against Steffener are based solely on Steffener's failures in

07  performing administrative and investigative functions.  (*See* Dkt. 56 at 1.)  This argument fails.

08          Whether a public defender may be deemed a state actor for a particular purpose depends

09  on the nature and context of the function performed.  *McCollum*, 505 U.S. at 54.  Here, plaintiff

10  essentially alleges the ineffective assistance of his counsel.  However, the relevant question for this

11  Court is whether, in providing this allegedly inadequate representation, Steffener was acting on

12  behalf of the state or county, so as to be properly considered a state actor within the meaning of

13  § 1983.  *Miranda v. Clark County*, 319 F.3d 465, 469 (9th Cir. 2003).

14          There is no basis for concluding that Steffener was acting on behalf of the state or county.

15  Instead, he was functioning in the traditional lawyer role as his client's advocate and, therefore,

16

17          [1] A defense attorney who conspires with state officials to deprive a client of his federal

18  rights acts under color of state law and may be liable under § 1983.  *See Tower v. Glover*, 467
    U.S. 914, 923 (1984).  "To prove a conspiracy between the state and private parties under [§]

19  1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional
    rights."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir.

20  1989) (en banc) (internal quotation marks and quoted sources omitted).  Conclusory allegations
    will not suffice to state a claim of conspiracy.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268

21  (9th Cir. 1982).  Here, plaintiff does not assert or point to any evidence of a conspiracy between
    Steffener and the state or county.  Plaintiff's bare assertion as to a "want of prosecution" does not

22  assert the existence of a conspiracy and, even if construed as such an allegation, is no more than
    conclusory.

REPORT AND RECOMMENDATION
PAGE -4

01   may not be considered a state actor for the purposes of this suit. *See id.* (even assuming a public

02   defender who subpoenaed no witnesses and mounted no defense provided deficient representation,

03   he was acting in the traditional lawyer role and could not be considered a state actor). Plaintiff

04   may not simply recast Steffener's actions, or lack thereof, as administrative or investigative in

05   nature in order to avoid this fact. Because the allegations in the complaint pertain solely to

06   Steffener's actions as a litigator in a particular case, and do not relate to any role as, for example,

07   an administrator of a government office, the above-described exceptions to *Polk County* do not

08   apply in this case. *See, e.g., Polk County*, 454 U.S. at 325 (citing *Branti v. Finkel*, 445 U.S. 507

09   (1980), as an example of a case in which a public defender acted under color of state law in

10   making hiring and firing decisions on behalf of the State); *Miranda*, 319 F.2d at 469

11   (distinguishing a public defender's representation of an individual client, wherein he or she is

12   acting as an advocate, with the actions of an administrative head of a county public defender's

13   office in performing administrative functions such as allocating resources and determining

14   departmental policies).[2]

15        Steffener may not be considered a state actor for purposes of a § 1983 suit. Accordingly,

16   plaintiff's claims against Steffener should be dismissed.[3]

17

18        [2] In addition, plaintiff's claims against Steffener would be barred in any event by *Heck v. Humphrey*, 512 U.S. 477, 483-84 (1994). *Heck* held that where, as here, a § 1983 action implies

19   the invalidity of a criminal conviction or sentence, the action may not proceed *unless* plaintiff first succeeds in overturning the underlying conviction or sentence through direct appeal or a post-

20   conviction type of proceeding. *Id.* Plaintiff has made no such showing. Indeed, plaintiff's claims and requests for relief reveal that his state court criminal proceedings either remain ongoing or

21   have in all likelihood only recently concluded. (*See* Dkt. 26.)

22        [3] Steffener also argues that if plaintiff attempts to allege professional malpractice, any such claims should be dismissed as a matter of law. However, plaintiff alleges no such claim, nor would

REPORT AND RECOMMENDATION
PAGE -5

01    2.    Defendant Quinn's Motion to Dismiss:

02        Plaintiff alleges defendant Quinn violated his due process rights by denying him the right

03    to call his attorney due to a collect call block on the Snohomish County Public Defenders

04    Association. (Dkt. 26 at 3, 7.)  Quinn moves for dismissal, arguing plaintiff fails to show an actual

05    injury, to demonstrate a violation of his due process rights or of his right of access to the courts,

06    or to allege Quinn's personal participation in the alleged constitutional violation.  As stated above,

07    plaintiff's failure to oppose Quinn's dispositive motion is deemed an admission that the motion has

08    merit, CR 7(b)(2), and the Court further finds that plaintiff's claims against Quinn should be

09    dismissed.

10        As suggested by Quinn, plaintiff's claim is appropriately considered a claim for violation

11    of his First Amendment right of access to the courts, rather than a due process violation.  While

12    inmates have a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821

13    (1977), they must show actual injury in order to pursue an access to courts claim, *Lewis v. Casey*,

14    518 U.S. 343, 351 (1996).  An inmate must demonstrate that alleged shortcomings in the prison's

15    legal access scheme hindered, or were hindering, his ability to pursue a non-frivolous legal claim,

16    *see Lewis*, 518 U.S. at 354-55, and/or provide specific examples in which he "'was actually denied

17    access to the courts[,]'" *Allen v. Sakai*, 48 F.3d 1082, 1090 (9th Cir.1994) (quoted source

18    omitted).  For example, denial of access to the law library, in and of itself, does not constitute an

19    actual injury.  *See Lewis*, 518 U.S. at 351 (stating that "*Bounds* did not create an abstract,

20    freestanding right to a law library or legal assistance[.]")  Also, delays in providing legal materials

21

22    such a claim be appropriately addressed in this § 1983 action.

REPORT AND RECOMMENDATION
PAGE -6

01   or assistance that result in actual injury are "not of constitutional significance" if "they are the

02   product of prison regulations reasonably related to legitimate penological interests[.]" *Id.* at 362.

03       Here, plaintiff fails to identify any actual injury caused by the alleged interference with his

04   ability to call his attorney. He does not allege hindrance in his ability to pursue a non-frivolous

05   legal claim or identify any circumstance in which he was actually denied access to the courts. In

06   fact, while plaintiff alleges Quinn has denied him the right to call his attorney, he also indicates the

07   ability to use other means to contact his attorney, stating in a supplement to his second amended

08   complaint that his "unit counselor has attempted many times to arrange an attorney-client phone

09   call with Steffener, . . . whereas Steffener has left messages saying he doesn't want to talk on the

10   phone with me[.]" (Dkt. 27 at 1 & Dkt. 28.)[4]

11       Plaintiff also fails to state a claim against Quinn in an additional respect. A § 1983

12   claimant must allege facts showing how individually named defendants caused or personally

13   participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355

14   (9th Cir. 1981). A plaintiff may not hold supervisory personnel liable under § 1983 for

15   constitutional deprivations under a theory of supervisory liability. *Taylor v. List*, 880 F.2d 1040,

16   1045 (9th Cir. 1989). Rather, a plaintiff must allege that a defendant's own conduct violated the

17   plaintiff's civil rights. In this case, plaintiff fails to allege the personal participation of Quinn in the

18   alleged interference with his ability to contact his attorney by phone and, instead, appears to rely

19   solely on Quinn's supervisory position as the facility superintendent.

20

21      [4] Although not contained in a pleading, plaintiff also recently submitted newly obtained
evidence in support of his claim, including copies of two letters he wrote to Quinn in which he

22   indicates an ability to use "attorney call request forms" to contact his attorney by phone. (Dkt.
75, Exs. A & B.)

REPORT AND RECOMMENDATION
PAGE -7

01    In sum, plaintiff fails to identify any actual injury to his right of access to the courts or to

02    allege facts showing how Quinn caused or personally participated in causing the alleged harm.  As

03    such, plaintiff's claims against Quinn should be dismissed.[5]

04    B.    Motion for Preliminary Injunction

05    Plaintiff submitted a document which appears to allege interference with his access to legal

06    materials and the law library and which the Court construed as a motion for a preliminary

07    injunction. (Dkt. 65.)  While all of plaintiff's claims in this lawsuit are subject to dismissal for the

08    reasons described above, the Court also separately addresses plaintiff's request for injunctive

09    relief.

10    A grant of preliminary injunctive relief requires: "'(1) a strong likelihood of success on the

11    merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted,

12    (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in

13    certain cases).'"  *Johnson v. California State Bd. Of Accountancy,* 72 F.3d 1427, 1430 (9th Cir.

14    1995) (quoted case omitted).  Alternatively, a moving party may show *either* a combination of

15    likely success on the merits and the possibility that he/she will suffer irreparable injury *or* that

16    serious questions are raised and the balance of hardships tips sharply in the moving party's favor.

17    *Id.* (cited sources omitted).

18    "Under any formulation of the test, plaintiff must demonstrate that there exists a significant

19    threat of irreparable injury."  *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1376

20

21
22    [5] Because the Court finds plaintiff's claims subject to dismissal for the reasons described above, it declines to address Quinn's alternative argument that plaintiff's claim should be dismissed without prejudice due to his admitted failure to exhaust his administrative remedies.

REPORT AND RECOMMENDATION
PAGE -8

01   (9th Cir. 1985).  *Accord Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir.

02   1988) ("At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will

03   be exposed to irreparable harm.")   "Speculative injury does not constitute irreparable injury

04   sufficient to warrant granting a preliminary injunction.  A plaintiff must do more than merely allege

05   imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened

06   injury as a prerequisite to preliminary injunctive relief." *Carribean Marine Servs. Co.*, 844 F.2d

07   at 674 (internal citation and other cited sources omitted; emphasis in original).  Also, as the United

08   States Supreme Court has noted, "'[i]t frequently is observed that a preliminary injunction is an

09   extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear*

10   *showing*, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)

11   (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2948, pp. 129-30

12   (2d ed. 1995)) (emphasis added by Supreme Court).

13        As noted by defendant Quinn, plaintiff's motion does not address the merits of any of the

14   specific claims raised in his complaint.  A court grants preliminary injunctive relief to preserve the

15   status quo and prevent irreparable harm pending a resolution on the merits of a lawsuit.    *Los*

16   *Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir.

17   1980).  "Thus, a party moving for a preliminary injunction must necessarily establish a relationship

18   between the injury claimed in the party's motion and the conduct asserted in the complaint."

19   *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  While plaintiff alleges an access to

20   courts claim in his complaint, that allegation addresses only a phone system at the Monroe

21   Correctional Facility and does not include more generalized allegations concerning plaintiff's

22   access to legal materials or to the law library.

REPORT AND RECOMMENDATION
PAGE -9

01      Moreover, even if plaintiff had more broadly alleged an access to courts claim, his motion

02 should be denied based on his failure to show irreparable injury.  As indicated above, a denial of

03 access to the law library does not, in and of itself, constitute an actual injury, while delays in

04 providing legal materials or assistance that result in actual injury are "not of constitutional

05 significance" if "they are the product of prison regulations reasonably related to legitimate

06 penological interests[.]"  *Lewis,* 518 U.S. at 351, 362.  Here, plaintiff fails to provide any factual

07 detail as to the nature or circumstances of the alleged deprivation.  Additionally, as also noted by

08 Quinn, evidence of plaintiff's other filings in this case belie the contention of a denial of access to

09 the courts.  (*See, e.g.*, Dkts. 66 & 67.)  For this reason and for the reason described above,

10 plaintiff's request for preliminary injunctive relief should be denied.

11                                       CONCLUSION

12      For the reasons outlined above, defendant Steffener's and defendant Quinn's motions to

13 dismiss (Dkts. 50 & 53) should be GRANTED and plaintiff's motion for a preliminary injunction

14 (Dkt. 65) should be DENIED.[6]  Further, granting the motions to dismiss renders plaintiff's motion

15 for discovery (Dkt. 55) and defendants' motions to stay discovery (Dkts. 53 & 57) moot.

16      DATED this 23rd day of June, 2008.

17

18                                       Mary Alice Theiler
                                         United States Magistrate Judge

19

20
_____

21      [6] Quinn requests that this dismissal count as a strike pursuant to 28 U.S.C. § 1915(g) due
to the frivolous nature of the claims and plaintiff's affirmative refusal to complete the prison
grievance process.  The Court, however, declines to recommend that this dismissal count as a
22 strike.

REPORT AND RECOMMENDATION
PAGE -10